## IN THE MATTER OF THE PETITION OF DANIEL P. INGRAHAM TO VACATE AN ASSESSMENT.*

In proceedings to vacate an assessment for constructing a sewer in Ninety-first street, New York, it appeared that the petitioner being the owner of lands between Ninetieth and Ninety-second streets, conveyed a portion thereof bounded "north-easterly by the center line of Ninety-first street," subject to a right of way over the portion of said street so conveyed. The assessment was claimed to be invalid, because the corporation had not acquired title to the land of said street. *Held*, untenable; that it was not to be assumed, in the absence of proof, that the sewer was laid upon the petitioner's half of the street, or in the center thereof, and that a party, to avail himself of such an objection, must show affirmatively that his rights have been invaded; that as to the other half of the street, a permission from the owners would be sufficient to authorize the construction of the sewer, and it not appearing that any such permission was not given, or that the owners objected, the legal presumption was that permission was given; but that, if no consent was given, it was not a valid ground of objection that a trespass had been committed upon the lands of another.

Also, *held*, that it was not unlawful to include in one contract the construction of two sewers disconnected with each other, but to be built in

*This case was not reported in its order, as decided, for the reason, that a motion was pending to amend the remittitur so as to allow the petitioner a rehearing. The decision upon said motion appears by the opinion.

accordance with the plan adopted for sewerage in the district; and that it was proper to assess the expense thereof in one assessment.

This court has not authority upon affirmance of an order denying an application to vacate an assessment, to allow the petitioner a rehearing in the court below, or to authorize him to renew his application upon further proof; it can simply so frame its judgment that it shall not be an obstacle to the petitioner obtaining relief in the proper form, *i. e.*, that the affirmance be without prejudice to an application to the court below for relief.

(Argued June 1, 1876; decided June 22, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term which denied the application of the petitioner to vacate an assessment upon his lots on the north side of Ninety-first street, in the city of New York, for a sewer in said street, between Second and Fourth avenues, and a sewer in Eighty-eighth street, between Second and Third avenues. (Reported below, 4 Hun, 495.)

The objections were that the two sewers, entirely disconnected, were embraced in one contract, and a single assessment made. Also, that the corporation had acquired no title to Ninety-first street, and had no authority to build a sewer there. The facts sufficiently appear in the opinion.

*Jno. E. Burrill* for the appellant. There never has been a dedication of the land of the street to the city. (*Child* v. *Chappelle*, 9 N. Y., 257; *City of Oswego* v. *Oswego Canal Co.*, 6 id., 262; *Underwood* v. *Stuyvesant*, 19 J. R., 186; *Fonda* v. *Borst*, 2 Keyes, 48; *Kelsey* v. *King*, 33 How. Pr., 39; *Livingston* v. *Mayor, etc.*, 8 Wend., 99; *Badeau* v. *Mead*, 14 Barb., 338, 339; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y., 67; *In re Anderton Park*, N. Y. C. Pleas; *Holden* v. *Trustees, etc.*, 21 N. Y., 474; *Cincinnati* v. *White*, 6 Pet., 431; *Haynes* v. *Thomas*, 7 Ind., 38.) Until the corporation acquired title to the land no one had a right to use it except for the purpose of passage, and the use for any other purpose was a trespass. (33 How. Pr., 39; 23 N. Y., 67; *Pearsall*

v. *Post*, 20 Wend., 111; 22 id., 425; *Trustees* v. *Auburn
Co.*, 3 Hill, 567; 3 Kent's Com. [m. p.], 433, § 52, sub. 3;
Wash. on Easements, 196; *Hunter* v. *Trustees, etc.*, 6 Hill,
406–412; 6 Pet., 438.) There was a substantial error in
levying the assessment. (*In re Sharp*, 1 T. & C., 427; *In re
Babcock*, 23 How. Pr., 118; *In re Buhler*, 19 id., 317; *In re
Beamis*, 17 id., 460.)

*D. J. Dean* for the respondent. The distribution of the
assessment was confided to the discretion of the assessors.
(Laws of 1813, chap. 86, § 175, p. 1191; *Leroy* v. *Mayor*, 20
J. R., 430; *In re Degraw St.*, 18 Wend., 568; *Lyon* v. *Brook-
lyn*, 28 Barb., 609; *Bushwick Ave. Case*, 48 id., 9.) The
fact that the sewer was laid in private property was not a fraud
or substantial error. (Laws of 1874, chap. 312; 12 Abb.,
121–124; *Hays' Case*, 14 id., 53; 23 id., 118.) The street had
been dedicated to the public for all the uses to which a city
street is applicable. (*Holdane* v. *Trustees*, 21 N. Y., 474;
*Bissell* v. *N. Y. C. R. R. Co.*, 23 id., 61–65; 11 Wend., 486;
19 id., 128; *Post* v. *Pearsall*, 22 id., 434; 1 Hill, 189, 191;
*Hunter* v. *Sandy Hill*, 6 id., 412; *People* v. *Utica*, 65 Barb.,
10.) This action could not be maintained under chapter 313
of the Laws of 1874. (*In re Mayer*, 50 N. Y., 504; *Lennon*
v. *Mayor, etc.*, 55 id., 361.)

*Per Curiam.* The petitioner seeks to vacate the assess-
ments made upon his lots, on the north side of Ninety-first
street, between Lexington and Third avenues, for the con-
struction of a sewer in said Ninety-first street and Eighty-
eighth street.

It appears that the petitioner, owning lands between Nine-
tieth and Ninety-second streets, with his wife, by deed
bearing date the 1st day of February, 1849, conveyed to
Daniel Fanshaw eight lots of land, bounded "north-easterly
by the center line of Ninety-first street, and south-westerly
by the center line between Ninetieth and Ninety-first streets,
* * * subject to a right of way over the portion of

Ninety-first street, hereby conveyed, to G. Rollins, his heirs
and assigns, forever, to lots lying north-westerly of the prem-
ises hereby conveyed."

It is claimed that the assessment was invalid because the
corporation never acquired the title to the lands forming
Ninety-first street, through the center of which it is alleged
the sewer is laid.

We are of the opinion that this position cannot be main-
tained. The appeal papers presented do not show that the
sewer is laid on the northerly half of the street to which the
petitioner claims title, nor in the center of the street. For
any thing which appears, it may have been laid upon the
south half of said street, and upon lands which he has con-
veyed away to Fanshaw in the deed referred to. It is by no
means to be inferred that the sewer was laid upon the peti-
tioner's one-half of the street or in the center of the same;
and the party objecting should make it appear by affirmative
proof that his rights have been invaded, before he is entitled
to avail himself of the objection urged.

It may be assumed that sewers are not always laid in the
center or upon one side of a street alone; and, therefore, it
by no means follows that in this case the sewer in question
was on land claimed by the petitioner. In the petition it is
stated that the southerly half of the street is the property of
and owned by individuals, and not by the city; and the affi-
davit of the petitioner shows that the southerly half of the
street, so far as he has any knowledge, has never been ceded
to the city authorities. These allegations do not interfere
with the right of the city to lay down the sewer. A permis-
sion from the owner or owners would be sufficient authority for
that purpose; and as it is not shown that no such permission
was given, and as it does not appear that these owners object,
the legal presumption is that the city authorities were acting
under a proper license, and had ample power to perform the
work.

This must be assumed until the contrary is established by
sufficient proof. It is for the petitioner to make out that

SICKELS—XIX.     40

the authorities have acted in violation of law in imposing upon him the assessment which he seeks to avoid. Nor is it enough to establish that, in carrying out the improvement, they have committed a trespass upon the lands of another party. That is a matter which rests between the city authorities and the person affected, and is not a valid ground of objection by a party assessed who has no interest in the land upon which the sewer is laid.

A point was made that the assessment was invalid because the assessment upon the petitioner's land embraced the expenses of the sewer in Eighty-eighth street, which is wholly disconnected with the sewer in Ninety-first street.

It appears that the sewers were built in accordance with the plan adopted for sewerage in the district in which it is located, in pursuance of the act of 1865 (chapter 381). Although that act confers no express authority to combine the building of two sewers in one contract and to assess the expenses thereof in one assessment, there is no objection to such a proceeding. The assessors are authorized to assess the expense upon the owners and occupants of the property benefited by the improvement made. (S. L. of 1865, *supra*, § 6.) The assessors had jurisdiction in this case, and having exercised their discretion there is no lawful ground for interfering with their action. Nor is any sufficient objection urged why two sewers might not be lawfully united and laid under one contract and assessments made at the same time for both of them. No injustice appears to have been done to the petitioner on this account, and it furnishes no ground for vacating the assessments complained of.

It is not necessary to discuss the question whether there has been a dedication of the northerly half of the street to the public, by the petitioner, for the use of the city, if the views already expressed are sound. While there is evidence tending to establish that there was a dedication, it is not essential to the disposition of the case to determine that question.

No other point is made which demands especial considera-

tion; and the order of the General Term must be affirmed, with costs.

All concur.

Order affirmed.

Opinion on motion to amend remittitur.

*Per Curiam.* A motion is made on the part of the petitioner that the remittitur in this case be amended so as to allow the petitioner a rehearing in the court below, or to renew his application on further proofs. This motion is founded upon affidavits to the effect that the defect of proof upon which this court based its judgment of affirmance can be supplied upon a new hearing, and that the point upon which the case was decided in this court was not taken in the court below.

These considerations might properly and probably would induce the court below to reopen the case and allow the proofs to be supplied, but it is beyond the province of this court to afford such relief. So far as it can, however, it is disposed, under the circumstances of the case, so to frame its judgment that it shall not be an obstacle to the petitioner obtaining in the proper form the relief which he seeks.

The case was decided in the court below, on the ground that the land which is claimed by the petitioner and through which the sewer was constructed had been dedicated to the public as a street. When the case came to this court the point was taken by the counsel for the corporation that the proofs before the Special Term failed to show that any part of the sewer was on the land claimed by the petitioner, or that the owner of the land, where it was located, had not consented to its being placed there. This point, on examination, was found to be well taken. The question whether the land had been dedicated as a street was not, therefore, reached, and was not passed upon by this court. If the defect in the proof should be supplied and it should be shown that the sewer was constructed upon the half of the street claimed by the petitioner, and that the owner of the other

half did not consent, then it will be material to inquire whether the land embraced in the street had been dedicated to the public. It is proper that the petitioner should have an opportunity to put his case in such shape that this question can be decided.

We, therefore, direct that the remittitur be amended so as to show that the question of dedication was not passed upon, and to state that the affirmance of the order is without prejudice to an application by the appellant to the court below to reopen the case and allow the parties a rehearing on further proofs, or, if the petitioner desires, to present a new petition that the affirmance is without prejudice to such new application.

All concur.

Ordered accordingly.