IN THE MATTER OF THE PETITION OF WILLIAM C. RHINE-LANDER, EXECUTOR, ETC., TO VACATE AN ASSESSMENT, ETC.

The construction of a sewer in the city of New York through private property, without the consent of the owner, is unauthorized.

In proceedings to vacate an assessment for the construction of a sewer in what was called Ninety-first street, in said city, it appeared that on a map filed by the municipal authorities in 1810 said street was laid down and the land on each side was divided into lots. The owners of the property had nothing to do with the map or the division into lots, and the map was made, not to indicate streets actually laid out, but as a plan for future improvements. There had been some public travel over a portion of the so-called street, but the circumstances under which it took place or the condition of the land in the vicinity was not shown. A few houses had been built along the line marked as such street. It did not appear that it was ever worked or improved as a street, or that it was ever accepted or adopted by the city as one of its opened streets. It did not appear as a street upon any of the proper city records, but it appeared that the city authorities had instituted proceedings to acquire the land and open the street, which were still pending. *Held*, that the place in question was not a street; that the municipal authorities, in constructing the sewers therein, were trespassers; and that no assessment could legally be laid to pay the expenses of such trespass.

(Argued November 28, 1876; decided January 16, 1877.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department affirming an order of Special Term denying the application to vacate an assessment upon certain lands of the petitioner in the city of New York for a sewer in Eighty-eighth street and in Ninety-first street, in said city. The grounds of the application were that the common council had made no ordinance authorizing the building of the sewer, and that at the time of building the sewer and making the assessment Ninety-first street had not been

opened as a street or highway. The case was decided origi-
nally upon the opinion in the case (*In re Zborowski, ante,*
88, the order being affirmed, EARL, J., dissenting) with-
out considering the point that the sewer was not built in
a street. The attention of the court having been called to
this, on a motion for a reargument, the decision was corrected
in accordance with the following opinion.

*Charles E. Miller* for the appellant. The building of the
sewer upon the petitioner's property was illegal and no assess-
ment could be laid therefor. (Laws 1813; Laws 1865, chap.
38, § 4; Laws 1849, chap. 383, § 14; *People* v. *Haines,* 49
N. Y., 587, 591, 503.)

*Hugh L. Cole* for the respondent. Even if the sewer was
constructed through and beneath private grounds, a valid
assessment for it could be laid on the property benefited.
(Laws 1813, chap. 86, § 175; Valentine's Laws, 1191; Laws
1865, chap. 381, p. 715.) The street had been dedicated to
the public as a street. (*In re Ingraham,* 4 Hun, 495; *Hal-
dane* v. *Trustees of Cold Spring,* 21 N. Y., 474; *Bissell* v.
*N. Y. C. R. R. Co.,* 23 id., 61, 64; *Post* v. *Pearsall,* 22
Wend., 434; *Hunter* v. *Sandy Hill,* 6 Hill, 412; *U. S.* v.
*Chicago,* 7 How. [U. S.], 88; *Jarvis* v. *Dean,* 3 Bing., 447;
*Cincinnati* v. *White,* 6 Pet., 421; *Henley* v. *Carr,* 36 Penn.
St., 39; *Todd* v. *R. R. Co.,* 19 Ohio, 514; *Green* v. *Cayman,*
29 Conn., 172.)

EARL, J. The point that the sewer was not built in a street
was not considered when this case was decided. The only
opinion written in this case was for reversal upon another
ground. The order was affirmed upon an opinion written in
another case in which this point was not involved. Hence
the point, our attention having been called to it, must now be
considered.

The assessment complained of was, in part, for the construc-
tion of a sewer in what is called Ninety-first street, between
Second and Fourth avenues, and the petitioner claims that

that portion of the alleged street had never been opened or dedicated as a street, and that hence the construction of a sewer therein was wholly unauthorized. I can find no law authorizing the construction of sewers in the city of New York through private property, without the consent of the owner thereof. Any law authorizing such construction of sewers, by the exercise of the right of eminent domain, would be unconstitutional, unless it provided for compensation to the owners of property taken. (*People ex rel.* v. *Haines,* 49 N. Y., 587.)

There was no adequate proof that this sewer was built in any street between Second and Fourth avenues. Ninety-first street was laid down upon a map of the city, filed in 1810. But that map was wholly the act of the municipal authorities. Property owners had nothing to do with it. It was made, not to indicate streets actually laid out, but as a plan for future improvements and growth of the city Future streets, when opened, were expected to be opened as laid out on the map; and the streets thus indicated could be opened only after dedication by the owners of the land or the regular action of the municipal authorities for that purpose. Hence the fact that this street is indicated on the map has no significance. The fact that the land on each side of the street has been divided into lots has no significance. This division into lots was made by the municipal authorities for the purpose of assessments and not by the owners of the land. A few houses have been built along the line of the street, but in building houses the owners of the land are expected to regard the lines of the street so as not to interfere with the opening of the street, when the time shall come to open it, or with the plan of the city as laid down on the map. It is shown that there has been some travel by the public, for many years passed, in some portion of the street, between Second and Fourth avenues. But it is not shown under what circumstances the travel took place, nor the condition of the land in the vicinity of the street. The passage by the public over open, waste, useless land for many years, would furnish but little, if any,

evidence of itself that the *locus* was a street. It matters not that the owner, in dealing with his own property, treated this for some purposes as a street, because it was laid down upon the city map as a street, and in the growth and improvement of the city was inevitably some day to become one.

I have now alluded to all the proofs adduced to show that the place where this sewer was built, between the two avenues mentioned, was a street. On the other hand, it does not appear that it was ever worked or in any way improved as a street, or that the city ever accepted or adopted it as one of the opened streets of the city. It does not appear as a street in any of the proper records of the city, where it would appear if an opened street, but it does appear that in 1868, the municipal authorities instituted proceedings to acquire the land and open the street, which are still pending and unfinished.

It is therefore clear that the place indicated was not a street; that the municipal authorities in constructing the sewer there were trespassers, and that no assessment could legally be laid to pay the expense of such a trespass. I have not considered the question whether Rhinelander had any authority by the will under which he acts to open or dedicate a street through the land in his charge, as there is an entire absence of proof of any dedication by him.

It follows that our former decision must be corrected so as to show a reversal of the order appealed from and a rehearing ordered at Special Term upon the petition.

All concur.

Ordered accordingly.