EDWARD McCAFFREY, PLAINTIFF, v. THE CITY OF ALBANY, DEFENDANT.

*Municipal corporation—constructing sewer on private lands—duty of city as to repair.*

The city of Albany entered upon a number of contiguous lots, by consent of the owners thereof, and constructed a box drain, which was used by the owners and occupants of said lots as a public sewer, and subsequently the city repaired the said drain. *Held,* that these facts imposed no liability upon the city to keep the said drain in repair, or remove obstructions therefrom, as it was laid upon private property, and the city had no right to enter upon the lots without the consent of the owners

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

This action was brought to recover damages sustained by the plaintiff, occasioned by the discharge upon his lot, from drains, of large quantities of water, dirt and filth. The plaintiff's lot was situated in the city of Albany, on Van Woert street, which runs along the bottom of a ravine towards the Hudson river. At some distance up the ravine, a sewer in Lark street discharged its contents from the side of the ravine, and it was claimed by the plaintiff that the place of discharge was negligently chosen, and that the water coming from the sewer ran upon plaintiff's lot and injured it. It was also claimed that the plaintiff had been injured by the omission of the city to repair a drain which ran through his lot. It appeared that, prior to 1863, a box drain had been laid, partly by the city and partly by private owners, from the east bounds of the city to Van Woert street; that about that time the city, at the request, and by the consent, of the owners of a number of the lots on that street, constructed a drain across the street, and up the same, upon the private property of such owners, to what was known as Shepard's lake, the drain being wholly upon private property, except where it crossed the street. It was also claimed that the city had, subsequently, at the request, and by the consent of certain of the owners, entered upon their lots and repaired the same. It was insisted by the city, in this action, that, as the drain was situated upon private property, it was not bound to repair the same.

*Parker & Countryman,* for the plaintiff. Whenever municipal corporations have assumed the control and management of drains constructed over the lands of private persons, or built by individuals in the public streets, they have been held to the same measure of responsibility as in cases arising from the use of ordinary drains. (*Wendell* v. *Mayor of Troy,* 4 Abb. Ct. of App. Dec., 563; *Nims* v. *Mayor of Troy,* 59 N. Y., 500; *Cone* v. *City of Hartford,* 28 Conn., 364.) Having constructed the " creek drain," with the consent of the persons owning the land, and assumed the control of it, the city was bound to keep it in proper repair and free from obstructions, and for any negligence in these respects, resulting in damages, the corporation is liable. (*Barton* v. *City of Syracuse,* 37 Barb., 293; S. C., 36 N. Y., 54; *Rochester White Lead Co.* v. *City of Rochester,* 3 id., 463.) Notice was repeatedly given to the city of the condition of the drain, although none was necessary. (*Barton* v. *City of Syracuse, supra; McCarthy* v. *City of Syracuse,* 46 N. Y., 194.) If there were no other provisions, this power over the creek drain would be derived from the duty imposed on the city to preserve the public health and to prevent and abate nuisances. (37 Barb., 293, 297; 36 N. Y., 55; Wood on Nuisances, § 741, and cases there cited.)

*Abraham Lansing,* for the defendant. A drain built on land in which private owners retain all their rights of property, belongs to the private owners, and is subject to their control. No statute, custom or rule of law applicable to the city of Albany authorized or authorizes it to construct or maintain such a drain at the expense of its citizens. (*The People* v. *Haines,* 49 N. Y., 591, 593; 1 Dillon on Munic. Corp, 89.)

LEARNED, P. J.:

By the charge of the learned justice the plaintiff might recover on either of two grounds: First, for negligence in terminating the Lark street drain where it was terminated; second, negligence as to keeping the (so called) Van Woert street drain in repair.

We see no reason to question the first of these grounds. (*Byrnes* v. *Cohoes,* 12 S. C. N. Y., 602.)

The second is more doubtful. This Van Woert street sewer, or

drain, was not built within the line of the street, except where it crossed the street from the north to the south side. It was built on the land of private persons. Parts of it were built by the owners of the property. Subsequently the city, with the consent of the owners, extended this drain on private property, through the plaintiff's lot and through lots higher up, to what is called Shepards' lot.

This drain appears to have been used by the owners of the lots through which it ran. They took off the covers of the box drain and erected privies directly over it.

In regard to this drain, the court charged that if it was built by the city with the consent of the persons over whose land it passed, and the city had occupied it and controlled it as a city sewer, then the city was bound to exercise the same care over it as over the other sewers of the city. And if they were bound to keep it in repair, and were negligent, then the question would be the question of damages.

Now it may be true that if the city, with the consent of the owners, constructed this drain, a box drain, and constructed it negligently, and thereby caused injury to the plaintiff, they might be liable. But can the fact that the city constructed and even repaired this drain with the consent of the owners make the city liable to keep it in repair? So that for mere negligence in regard to repairs the city could be liable. What right would the city have to go on the premises of private persons to repair this drain? Unless the city had the right to enter on the premises where the drain lay (that is, the premises of a large number of private owners, as appears from the map), how can they be liable for a neglect to repair. It is not to be held that the city was bound to do an act which they could do only by the consent of many persons.

In the case of *Nims* v. *Troy* (59 N. Y., 500), an affirmative act had been done under the authority of the city by one Teeson, which directly obstructed the drain. It does not appear that this act was done on private property, or that it would have been necessary to go upon private property to remove the obstruction thus caused.

The case *In re Ingraham* (64 N. Y., 310) does not seem to apply here. The question there was as to the validity of an assessment. The sewer was laid within the line of the street. Even if the city had not acquired title to the street, yet, if the sewer had been laid

by consent of the parties, it was held that the assessment was not invalid.

But in this present case, all that appears is that the city had built this box drain and had repaired it. These facts do not, of themselves, impose a duty on the city to keep it in repair where, being on private property, it is private property itself.

As the case was submitted to the jury upon both of these grounds of liability above stated, there must be a new trial, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

New trial granted, costs to abide event.