IN THE MATTER OF THE PETITION OF CHARLES A. CHEES-BROUGH TO VACATE AN ASSESSMENT.*

*Chap.* 566 *of* 1871 — *constitutionality of — a drain cannot be built on a private lot without compensation to the owner.*

Chapter 566 of 1871, authorizing the draining of private lots in the city of New York, by blind drains, to be constructed underground by the department of public works, upon the certificate of the board of health, that the drainage thereof is necessary for the protection of the public health, and providing for the collection of the expense thereof by an assessment on the property benefited, is unconstitutional and void, because no provision is made for compensation to the owner of the lands under which such drains are to be constructed.
*People ex rel. Williams* v. *Haines* (49 N. Y., 587), followed.

APPEAL from an order made at Special Term, vacating an assessment.

*See MATTER OF VAN BUREN, ante, p. 527.

*J. A. Beall*, for the City of New York, appellant.

*Alexander B. Johnson*, for the petitioner, respondent.

*Per Curiam :*

The petitioner is the owner of certain premises in the Twelfth ward, in the city of New York, assessed for the building of underground drains between the Kingsbridge road and the Harlem river on One Hundred and Seventy-third . and One Hundred and Eighty-third streets. The board of health, by a resolution passed on the 17th of March, 1874, directed the commissioner of public works to cause the plots or parcels mentioned to be drained by other means than by sewers, under and by virtue of the provisions of chapter 566 of the Laws of 1871. The contract for the drain was made on the 25th of April, 1874, and the assessment confirmed on December 1, 1876. In June, 1878, the petitioner commenced this proceeding, alleging a number of reasons why the assessment should be vacated.

The learned justice, to whom the consideration of this case was presented, granted the order vacating the assessment, upon the ground that an easement could not be acquired in the petitioner's land, without making compensation, under the provisions of the Constitution of the State. The learned justice declared in his opinion that he would have been inclined to uphold the assessment, on the ground that the act of 1871 was a proper exercise of the sanitary powers of the State for the protection of the health and lives of its citizens, if he had not deemed himself controlled by the decision in the case of the *People ex rel. Williams* v. *Haines* (49 N. Y., 587), and the *Matter of Rhinelander* (68 N. Y., 105). And this inclination was doubtless founded upon the exclusive powers conferred upon the board of health of the city of New York, by the acts of the Legislature, from a very early period in the history of the State, down to the time that the last act of the Legislature on the subject was passed. There is some analogy between the *quasi* appropriation of the petitioner's property, and the use of the property of the relators in the case of the *People ex rel. Williams* v. *Haines*, inasmuch as the act of 1867, chapter 774, under which the commissioners acted in reference to the low lands of the town

of Royalton, in Niagara county, declared that in the judgment of the Legislature it was needful for the public health of the people living about such lands, that the lands should be drained and reclaimed. The act, therefore, was an exercise of the power of the State upon a subject affecting the public health.

It appears, however, in that case, that the commissioners made open ditches or canals, and to accomplish the purpose for which the act was intended, the right of entry was necessarily to be continued so long as the ditches or canals should exist. In this case the drains are blind or underground drains, and except so far as they occupy a portion of the earth beneath the surface cannot, in any way, interfere with the property, rights or interests of the owners. On the contrary, it may be said that they are a benefit to these interests. We think that this establishes an essential difference between the two cases, but do not feel disposed to assume the responsibility of declaring that the case of the *People ex rel. Williams* v. *Haines* is not controlling upon the disposition which should be made of this appeal.

There is no doubt that from the year 1796, the board of health of this city has possessed very large supervisory powers in reference to the streets, and to all matters pertaining to the health of the inhabitants, and many of these extraordinary powers have been sustained by the decisions of this court, and the constitutionality of them declared by the court of last resort.

The following cases, we think, illustrate the accuracy of these propositions : (*Met. B'd of Health* v. *Heister*, 37 N. Y., 661; *People ex rel. Cox* v. *Special Sessions*, 7 Hun, 214; *Health Department* v. *Knoll*, 70 N. Y., 531; *Gregory* v. *City of New York*, 40 id., 273; see, also, *Blazier* v. *Miller*, 10 Hun, 435.)

As we have suggested many of these powers are of very ancient date. (See Greenleaf's Laws of New York, vol. 3, p. 305, act of 1st of April, 1796.)

And it has been supposed that to respond to the exigencies which call into active exercise the authority of the board of health, the powers conferred upon it were frequently such as would be objectionable, if not unconstitutional, if exercised by any other department of the city of New York. (See Laws 1866, chaps. 74, 686.) And this extraordinary gift of authority was predicated

of the proposition, that the board of health was in the nature of a police department, charged especially with duties and responsibilities with regard to an important subject affecting not only the interests, but the lives of the inhabitants of the city of New York. As remarked by Woodruff, J., in the case of *Gregory* v. *The City of New York* (*supra*): "The importance of sustaining that board in all lawful measures, tending to secure or promote the health of the city, should make us cautious in declaring any curtailment of their authority except upon clear grounds. On the contrary, powers conferred for so greatly needed and most useful purposes should receive a liberal construction for the advancement of the ends for which they were bestowed."

Although we entertain great doubt of the applicability to this proceeding of the rule declared in the *People ex rel. Williams* v. *Haines*, nevertheless we think it better to concur with the learned judge at Special Term in declaring the assessment to be void for the reasons given by him, leaving it for the court of last resort to say whether the case referred to settles the law by which the power of the board of health is to be exercised in this and kindred cases.

The order should be affirmed, with ten dollars costs and disbursements.

Present — Brady, P. J., and Ingalls, J.

Ordered accordingly.