### In re BRAINERD.

*(Supreme Court, Special Term, New York County. May 22, 1888.)*

MUNICIPAL CORPORATIONS—ILLEGAL ASSESSMENTS—VACATION OF—NEW YORK CITY CONSOLIDATION ACT, § 903.

Under the consolidation act of New York city, § 903, providing that no court shall vacate or reduce any assessment, in fact or apparent, whether void or voidable, on any property for any local improvement hereafter completed, otherwise than to reduce such assessment to the extent the same may be shown to have been in fact increased, in dollars and cents, by fraud or substantial error, the supreme court will not vacate or reduce an assessment levied for a sewer, on the ground that it is illegal or void, and where there is nothing to show how much it has been increased by the errors complained of.

At chambers. On petition to vacate an assessment.

Chauncey M. Brainerd filed his petition to vacate an assessment levied for the construction of a sewer, on the ground that such sewer was of no benefit to petitioner's property, and for errors in the proceeding.

*James A. Deering,* for petitioner. *Henry R. Beekman,* for New York City.

LAWRENCE, J. This is an application to vacate an assessment on the ground of substantial errors; the errors assigned being mainly that the sewer in question is of no benefit to the petitioner's property, having no outlet capable of draining and carrying off water; that no plan or suitable map showing the location and course of said sewer was filed, in accordance with chapter 381 of the Laws of 1865, (Consolidation Act, § 327, etc.,) prior to the construction of the same; that the outlet of said sewer is upon private property, which has not been taken for the public use; and that, in discharging the water and other material from said sewer upon said property, the city authorities have been guilty of a trespass; and that any assessment for said sewer is therefore illegal and void, under the authority of *People* v. *Haines,* 49 N. Y. 587; *In re Rhinelander,* 68 N. Y. 105; *In re Cheesebrough,* 78 N. Y. 232; and similar cases. It is contended by the corporation counsel, in resisting the motion, that the court is forbidden, by section 903 of the consolidation act, (which is but a re-enactment of section 12, c. 550, Laws 1880,) from vacating the assessment. That section is as follows: "No court shall vacate or reduce any assessment, in fact or apparent, confirmed after June 9, 1880, whether void or voidable, on any property, for any local improvement hereafter completed, otherwise than to reduce any such assessment to the extent that the same may be shown, by parties complaining thereof, to have been in fact increased, in dollars and cents, by reason of fraud or substantial error; and in no event shall that proportion of any such assessment which is equivalent to the fair value of any actual local improvement, with interest from the date of confirmation, be disturbed for any cause. Nothing in this section shall apply to any assessment which may be imposed for the local improvements known as 'Morningside Avenue.' " Upon the argument of this motion, and in the brief then handed in on behalf of the petitioner, the effect of that section of the consolidation act was not discussed, and I therefore gave leave to file a brief in reply to that filed by the corporation counsel. Neither side has cited any authority directly in point as to the construction which is to be given to section 903, nor have I been able to find any case where it has been expressly held that the power, heretofore exercised by the court, to vacate an assessment which was absolutely void, had been taken away by said statute.

The nature and object of the statute has, however, been referred to in one or two cases which have been before the court of appeals, and one of them affords much aid in determining the question whether the point raised by the corporation counsel is sound. In the case of *Chase* v. *Chase*, 95 N. Y. 377, 380, 381, the court said that the assessment then under consideration, having been confirmed in December, 1878, was not affected by chapter 550 of the Laws of 1880, from which section 903 of the consolidation act is taken; and they further said, after quoting a portion of the language of said act: "If either of these words describe the result of a successful answer to an effort by the city or other party to enforce the assessment, then it must be conceded that the appeals should fail. We think they do not. They assume the appearance of the property owner before the courts in a different attitude, as a party plaintiff, or as one complaining, and who, by appropriate action, instigates a court to act affirmatively in his behalf, and through judicial action modify or vacate the assessment. Such, also, is the clear inference to be drawn from the language of section 12 of that act: 'No existing provision of law,' it says, 'shall enable or permit any court to vacate or reduce any assessment * * * otherwise than to reduce it to the extent that the same may be shown, by parties complaining thereof,' etc. A party who defends upon the ground that the alleged assessment is in fact no assessment, who asks no favor from the court, and only that legal protection to which he is entitled, can in no sense be regarded as a party complaining, or as an actor in the proceeding. * * * The act of 1880 limited the effect of existing provisions of law, and in terms repealed inconsistent statutes, and declared a short period of limitation within which proceedings might be taken to vacate or reduce assessments. It went no further. It was evidently aimed at evils tolerated by previous statutes, and was to incite to diligence the aggrieved tax-payer. But it contains no words designed to take away any common-law right of defense against the enforcement of a void tax, or to validate erroneous or void assessments." In *Re Railroad Co.*, 102 N. Y. 301, 304, 6 N. E. Rep. 590, the court held that the act of 1880 had no application to the assessment under consideration, having been confirmed before that act took effect.

It is conceded in this case that there are no means of ascertaining to what extent the assessment in question has been increased, in dollars and cents, by the substantial errors complained of. It is conceded that there was no fraud in the case, and the ground is taken that the assessment is void absolutely in consequence of such errors. I am constrained to say, after an examination of the record and of the statute, that I think that the effect of the statute is to take away the power of the court to vacate this assessment. It was confirmed after the act of 1880, and after the consolidation act took effect. The language of the statute is that "any assessment, in fact or apparent, confirmed after June 9, 1880, whether void or voidable, can only be reduced to the extent that the same may be shown, by parties complaining thereof, to have been in fact increased, in dollars and cents, by reason of fraud or substantial error; and in no event shall that proportion of any such assessment which is equivalent to the fair value of any actual local improvement, with interest from the date of the confirmation, be disturbed for any cause." There are no means of determining from the evidence before me what proportion of the assessment in question would be equivalent to the fair value of the actual local improvement, and, as already said, it is impossible to determine to what extent, in dollars and cents, the assessment has been increased by the errors complained of.

I think it quite apparent from the language used by the court of appeals in *Chase* v. *Chase*, that that court regarded the statute of 1880 and the consolidation act as taking away from the party aggrieved by a void assessment, where the amount of damage in dollars and cents, or the fair proportionate value of the improvement, could not be ascertained, the right to move to set

aside such assessment. That case, however, distinctly asserts that the right still remains in the party aggrieved by a void assessment to resist any proceeding which may be taken 'by the city authorities for the enforcement of the same. Therefore the petitioner, if his allegations in respect to the invalidity of this assessment are true, and if the assessment is void, is not without redress. He can repose upon his rights when an attempt is made to enforce the assessment. He can resist its collection if he be able to show that it is void. See remarks of DANFORTH, J., at page 381 of 95 N. Y., (*Chase* v. *Chase.*) The motion to vacate the assessment is therefore denied.