The National Bank of Commerce, Appellant, *v.* The Manufacturers and Traders' Bank, Respondent.

A draft for $17 drawn by the plaintiff upon the M. Bank, its correspondent in New York city, was raised to $3,462.40, and deposited by the payee with defendant, it giving credit for the full amount; this amount was paid by the M. Bank on presentation of the draft, and charged to plaintiff. On discovery of the fraud, defendant wrote to plaintiff stating that if the latter would procure the draft, and send it with an affidavit of correct amount, and not make the matter public, it would remit difference. Plaintiff procured the draft and sent it to defendant with the affidavit as requested; the latter not having remitted as agreed, plaintiff wrote stating that if not immediately placed in

funds as promised, it would refuse credit to the M. Bank, and there-after sent this telegram: "Remit difference in draft or return it with affidavit by express to-day," and on the same day plaintiff notified the M. Bank, that it would not recognize payment of draft for more than the original amount. Defendant returned the papers as requested. Subsequently by arrangement between the defendant and the M. Bank, to which plaintiff was not a party, that bank credited plaintiff with $2,533.90. In an action to recover the balance, *held*, that plaintiff's acceptance and compliance with defendant's proposition, obligated the latter to pay the face of the check, as raised, less the sum for which it was originally drawn, but that the subsequent transactions were in legal effect a rescission of such contract; that the action could not be maintained as one for money had and received, as it was not the money of plaintiff, but that of the M. Bank, which defendant obtained, and this, that bank could not have recovered of plaintiff, but only from defendant.

Also *held*, that the fact the M. Bank charged the balance in its account with plaintiff did not affect the legal status of the parties.

(Argued October 7, 1890; decided October 21, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 14, 1888, which reversed a judgment in favor of the plaintiff entered upon the report of a referee, and ordered a new trial.

On the 30th of October, 1882, the plaintiff drew a draft on the Manhattan Bank, its New York correspondent, for $17 to the order of J. T. Watson. The payee, or some other person altered this draft by changing the date to November second, the name of the payee to James T. Watson, and the amount to $3,462.40. November 3, 1882, Watson deposited this raised draft with the defendant, and had credit for the full amount. The defendant forwarded the draft to its New York correspondent, the Bank of the Republic, and that bank presented it at the Manhattan Bank, which paid the full amount of $3,462.40, and charged that amount to the plaintiff. On the fourteenth of November, the defendant inquired of the plaintiff by telegraph for what amount the draft No. 9699 was issued, and the plaintiff at once replied that it was issued for $17. On the same day the defendant

wrote the plaintiff acknowledging the receipt of the reply, and saying that Watson had deposited the plaintiff's draft for $3,462.40 on November third, had drawn part of it, that defendant had forwarded the draft to New York, and the same had been paid by plaintiff's correspondent. The letter closed as follows: " Please procure the draft from your correspondent, make affidavit to correct amount and send it with the draft direct to me and I will remit difference Please do not make this matter public, as we hope to catch Watson." Two days later the plaintiff answered that the draft had been ordered returned, and that the defendant's wishes should be strictly complied with. The plaintiff procured the draft from its correspondent, made affidavit to the correct amount and, on November twenty-first, sent this affidavit and the draft to the defendant and did not make the matter public. November twenty-fifth, the defendant acknowledged its receipt of the draft and affidavit in a letter in which it also raised the question whether the signature of plaintiff's cashier to the draft was not also forged. Replying to this letter two days later, the plaintiff, among other things, said: " We have complied with your every request, even to keeping the matter strictly confidential, and now beg to request that you remit immediately. The excess stands charged against us on the books of the Manhattan Bank and we desire to be placed in funds that it may be corrected. * * * Unless immediately placed in funds as promised by you, our remedy will be to refuse credit to the Manhattan, who paid the draft on your indorsement, and that of the National Bank of the Republic, your New York agent, and it should be refunded at once." Plaintiff followed its letter by the following telegram to defendant on November twenty-ninth: " Remit difference in draft, or return it, with affidavit attached, by express to-day." Thereupon and on December second, the defendant returned to plaintiff the draft and affidavit, who retained them. On the same day that plaintiff demanded the return of the draft and affidavit, it wrote to the bank of the Manhattan Company reciting the facts and notifying it that the plaintiff would not

recognize the payment of the draft for more than the original amount, to wit, $17. Nevertheless, the Manhattan Company, in the next account current rendered by it, charged the plaintiff with the full amount of the raised draft. Subsequently, by some arrangement between the Manhattan Bank and defendant, to which the plaintiff was not a party, the Manhattan Bank credited to the plaintiff on account of this draft the sum of $2,533.90. The defendant declined to pay the balance of $911.50 to plaintiff, and this action was brought to recover the same.

*George Gorham* for appellant. Where the case does not contain all the evidence, the court must assume that the facts proven were sufficient to sustain the findings. (*Kellogg* v. *Thompson*, 66 N. Y. 88; *Murray* v. *Marshall*, 94 id. 611, 617; *Porter* v. *Smith*, 35 Hun, 118; *Howland* v. *Howland*, 20 id. 472.) The plaintiff proved the promise of the defendant and its (plaintiff's) compliance with defendant's request. This made a complete contract with a valid consideration, and entitled the plaintiff to recover. (*Train* v. *Gold*, 5 Pick. 380; *C. S. Church* v. *Kendall*, 121 Mass. 529; *Willetts* v. *Ins. Co.*, 45 N. Y. 45; *Sands* v. *Crook*, 46 id. 564; *White* v. *Baxter*, 71 id. 254; *Marie* v. *Garrison*, 83 id. 26; *Brooks* v. *Ball*, 18 Johns. 337; 2 Hill, 503; 1 Den. 508; 15 Abb. Pr. 340; *Miller* v. *McKenzie*, 95 N. Y. 575; *Hurd* v. *Green*, 17 Hun, 327; *Roberts* v. *Cobb*, 103 N. Y. 600.) If either party had any intention of rescinding, it would have been an affirmative defense, and to be available should have been set up in the answer. (*Fitch* v. *Mayor, etc.*, 88 N. Y. 500.) This judgment can be sustained as for money had and received by defendant for plaintiff's use. (*N. T. Co.* v. *Gleason*, 77 N. Y. 403; *Crawford* v. *W. S. Bank*, 100 id. 50; *Talbot* v. *Bank of Rochester*, 1 Hill, 295; *Johnson* v. *F. N. Bank*, 6 Hun, 124; *People* v. *Bank of N. A.*, 75 N. Y. 547; *Robinson* v. *C. N. Bank*, 86 id. 404; *Brooks* v. *Ball*, 18 Johns. 337.)

*Sherman S. Rogers* for respondent.

PARKER, J. Three questions are presented for consideration, and are determined as follows :

.1. Plaintiff's acceptance of and subsequent compliance with the proposition of the defendant obligated the defendant to pay to it the face of the raised draft less $17, the amount for which it was originally drawn.

2. The subsequent transactions between the parties were in legal effect a rescission of such contract, and thus the plaintiff parted with its right of recovery thereon.

3. The action cannot be sustained as in effect one for money had and received, as it does not appear that defendant received moneys belonging to the plaintiff or to which it was entitled.

The defendant did not obtain plaintiff's money, but rather that of the Manhattan Company. As the plaintiff had not requested payment of it beyond the amount of $17, the sum paid in excess was the money of the Manhattan Company which it could have recovered of .defendant but not of plaintiff. ( *White* v. *C. N. Bank*, 64 N. Y. 310.)

Subsequently, it is true, it charged the plaintiff in its account current with such amount, but the act was without authority and did not effect the legal status of the parties.

The order should be affirmed, and judgment absolute rendered in favor of the defendant on stipulation.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Order affirmed and judgment accordingly.