JOHN COPCUTT, RESPONDENT, *v.* THE CITY OF YONKERS
AND OTHERS, APPELLANTS.

*Assessment for a public highway — invalid, if the title to, or an easement in, the land
is not in the public.*

A person assessed to pay for work done upon an alleged public highway has a
right to insist that the work shall have been done upon land, the title to which,
or an easement of public passage over which, exists in the public.

APPEAL by the defendants from a judgment of the Supreme
Court, rendered at Special Term, vacating and setting aside certain
assessments and sales and granting an injunction, which judgment
was duly entered in the office of the clerk of the county of West-
chester on the 25th day of October, 1890.

The action was brought by the owner of certain lands in the city
of Yonkers, Westchester county, which had been assessed for the
improvement, and for the grading and working of a certain alleged
street or highway therein, known as Walnut street, to obtain an
adjudication that such assessment was void and to enjoin the
defendants, the City of Yonkers and its officers, from selling the
lands of the plaintiff because of the non-payment of such assess-
ments thereon.

*Joseph F. Daly*, for the appellants.

*Ralph E. Prime*, for the respondent.

PRATT, J.:

This suit is to prevent the threatened sale of plaintiff's lands to
pay an assessment for grading Walnut street, in the city of Yonkers.

There is no substantial dispute about sufficient material facts to
determine this controversy.

It was found by the judge who tried the case, among other facts,
that, third, the so-called Walnut street was not, nor has any part
thereof, ever been laid out, opened, regulated, graded or worked by
the trustees of the village of Yonkers or by any authority of said
village; that, fourth, the so-called Walnut street was not, nor has
any part thereof ever been laid out, opened or worked or made,
either in fact or law, a public highway, road or street by the com-

missioners of the town of Yonkers, or by any authority of the town of Yonkers; and, sixth, that part of so-called Walnut street which lies between Ashburton avenue and the southerly line of the Croton aqueduct property has never been laid out, opened or made a public highway, street or road by the common council of the city of Yonkers, or by any officer or authority on behalf of the city of Yonkers.

The city of Yonkers succeeded to the village of Yonkers, which was carved out of the town of Yonkers.

It appears beyond question, I think, that at least 800 feet of Walnut street was never a public street or road; to that extent the findings of the trial judge are sustained by the proof. Therefore, the work upon that part of the street was a trespass, the expense of which no legal assessment could be laid to pay. (*The Matter of Rhinelander*, 68 N. Y., 105; *Matter of Cheesebrough*, 78 id., 233, 238; *People ex rel. Williams* v. *Haines*, 49 id., 587.)

A person who pays an assessment for work upon a street has a right to insist that it shall be a lawful public highway.

No laches or consent in this case can be imputed to the plaintiff as he protested against the work, sued the city for the trespass and commenced the present suit as soon as the city threatened to give the deeds.

The cases of *In re Ingraham* (64 N. Y., 310) and *Moore* v. *The City of Albany* (98 id., 396), cited by appellant, are distinguishable from the case at bar. In both of those cases the improvement for which the assessment was laid was in a public street, and the trespass complained of in each case was upon property of a third party who made no complaint, and in neither did the plaintiff show any special injury to himself.

If the foregoing views are sound, there is no necessity of adverting to any other point in the case, and the judgment must be affirmed, with costs.

BARNARD, P. J., concurred.

Judgment affirmed, with costs.